# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4137

_____

United States of America,       *
                              *

        Appellee,             *

                           *

   v.                       *

                           *

Jeffrey Booker,            *

                           *

                           *

       Appellant.        *

                         Appeals from the United States
                         District Court for the Eastern
                         District of Arkansas.

_____

No. 99-1243

_____

United States of America,       *

                           *

        Appellee,             *

                           *

   v.                       *

                           *

Cordel D. McGlothern,      *

                           *

       Appellant.        *

_____

Submitted:  June 15, 1999

Filed:  August 4, 1999
_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and PANNER,[1]
      District Judge.
_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Jeffrey Booker and Cordel McGlothern appeal their convictions following conditional guilty pleas, respectively, to drug charges, *see* 21 U.S.C. § 841(a)(1), § 846, and to misprision of felony, *see* 18 U.S.C. § 4.  Mr. McGlothern also appeals his sentence.  We affirm the judgment of the district court.[2]

I.

At a hearing on the defendants' joint motion to suppress more than 1.5 kilograms of cocaine that was discovered in a search of a truck owned by Mr. McGlothern and driven by Mr. Booker, the state troopers who carried out the search gave a detailed account of how the drugs came to be discovered.  After a routine traffic stop, Officer Mike Hagar became suspicious because Mr. McGlothern appeared extremely nervous and because he and Mr. Booker gave differing stories as to the nature and purpose of their trip.  Officer Hagar therefore requested and received permission from Mr. McGlothern to search the vehicle.

_____

[1]The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

[2]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Officer Donnie Belew began a systematic canvass of the back of the truck with the help of his trained dog Electro. After the dog alerted on three separate pieces of luggage, they were opened and searched but no contraband was found; the suitcases held, however, manila envelopes, apparently empty, that had been sealed and reopened. Although Mr. McGlothern revoked his consent, Officer Belew nevertheless continued his search. After the dog put his paws on the back of the truck's cab and alerted to the area of an "air dam," the troopers dismantled it and discovered the relevant drugs inside.

Mr. Booker maintains that Mr. McGlothern, even though he was the vehicle's owner, did not have the authority to consent to the search of the truck. There is no merit to this contention. The owner of a vehicle may consent to its search despite the presence of other occupants in the vehicle. The logic of private property dictates that a mere occupant's rights are subordinate to the owner's right to allow access to what belongs to him or her. Mr. Booker enjoyed no more than a non-exclusive license in the truck, and Mr. McGlothern retained a right to admit others to it at any time. The case would be otherwise if Mr. McGlothern had given permission to search, say, Mr. Booker's luggage, and the cocaine had been found in it. *Cf. United States v. Matlock*, 415 U.S. 164, 170-71, 171 n.7 (1974).

Both defendants assert that the seizure was invalid because it resulted from a search that was made after Mr. McGlothern revoked his permission to search. We agree with the district court, however, that the seizure was valid, because at the time the consent was revoked the officers had probable cause to believe that the truck was carrying drugs. In addition to the suspicious behavior of the truck's occupants, which we have already rehearsed, Officer Belew's dog alerted three times on suitcases found in the truck bed. While nothing of relevance was found in those suitcases, Officer Belew testified that drug dealers often put minute traces of drugs in suitcases and elsewhere to throw dogs off the track. He also stated that he could tell from his dog's behavior that it was honing in on drugs but could not as yet indicate their exact

location. It is more than possible, too, that the suitcases contained drug residue that the defendants did not purposefully leave behind.

It is plain to us that this testimony, together with the proof of Electro's training and past performance that the government introduced at the suppression hearing, provided more than an ample basis for the district court's conclusion that the officers had probable cause to continue their search even after permission to conduct one had been withdrawn. Probable cause to believe that an automobile contains contraband will, of course, support a warrantless search of that automobile. *See California v. Acevedo*, 500 U.S. 565, 580 (1991), and *Carroll v. United States*, 267 U.S. 132, 147, 149-51, 154-56 (1925).

## II.

Both defendants also appeal from the district court's denial of their application for expert assistance under 18 U.S.C. § 3006A(e)(1), which authorizes a district judge or a magistrate judge to allow an indigent defendant's counsel to hire expert assistance at government expense, if the judge finds that such assistance is "necessary for adequate representation." Mr. Booker's application, in which Mr. McGlothern joined, contained a recitation that he needed the services of an expert on drug dogs to show that the officers' reliance on Electro in the circumstances of this case was not reasonable. In rejecting the application, which was made after the conclusion of the suppression hearing, the district court indicated its belief that such testimony would not be helpful in deciding the suppression issues and thus, evidently, that it was not necessary to either defendant's defense.

We note that in denying the motion the district court relied on *United States v. Ingle*, 157 F.3d 1147 (8th Cir. 1998). We believe that that case is not exactly apposite, since it dealt with an expert who planned to testify on a mixed question of law and fact, *see id.* at 1152. In our case, by contrast, the expert's testimony was sought on the correct factual inference to be drawn from Electro's behavior. *Ingle* does not stand for

the proposition that a judge who is acting as factfinder can never benefit from expert testimony. Nevertheless, since the district court had already heard the testimony of the relevant troopers, and evidently did not feel the need for expert help with respect to the appropriate inferences to be drawn from the troopers' testimony, we can hardly say that the court abused its discretion in denying the defendants' application. *See id.*

### III.

Mr. McGlothern appeals from his sentence. The base offense level for misprision of felony is 9 levels below the offense level for the underlying offense, but in no case higher than level 19. *See* U.S.S.G. § 2X4.1(a). The district judge correctly held that the offense level for the underlying offense was 38, *see* U.S.S.G. § 2D1.1(a)(3), § 2D1.1(c)(1), because Mr. Booker possessed 1.694 kilograms of cocaine base, and the court then set Mr. McGlothern's offense level at 19. Mr. McGlothern objects that there is no basis for attributing this amount to him, because there is no proof that he knew, or reasonably should have known, the quantity of drugs that Mr. Booker had hidden in the truck. Mr. McGlothern cites application note 10 to U.S.S.G. § 1B1.3 in support of his argument. That note states that "the conduct for which [a] defendant" convicted of misprision "is accountable includes all conduct relevant to determining the offense level for the underlying offense that was known, or reasonably should have been known, by the defendant."

We think that Mr. McGlothern misapprehends the meaning of this application note, for we believe that it applies only to what the guidelines call specific offense conduct, *see* U.S.S.G. § 1B1.1(b), § 1B1.2(a). The guideline that the district court used, *see* U.S.S.G. § 2X4.1(a), is quite explicit in stating that the level of the underlying offense is the first relevant datum in determining the base level applicable to a misprision conviction, and application note 1 to that section then directs the court to add to that offense level "any applicable specific offense characteristics that were known, or reasonably should have been known, by the defendant." The district court thus correctly applied the guidelines to the facts of the case.

Mr. McGlothern also maintains that the district court erred in refusing to depart downward from the applicable guideline range because of the atypicality of his conduct, *see* U.S.S.G. § 5K2.0 (policy statement). He maintains that his case is outside the heartland of misprision offenses, principally because he did not know of the presence of drugs in his truck until immediately before their discovery, and it was only a short time thereafter that he was arrested. The district court refused to depart, but a reading of the record indicates that the court was quite clear about its authority to do so under *Koon v. United States*, 518 U.S. 81 (1996), if the facts of the case warranted it. A refusal to depart by a sentencing court that is aware of its authority to do so is not appealable. *See United States v. Bieri*, 21 F.3d 811, 817 (8th Cir. 1994), *cert. denied*, 513 U.S. 878 (1994); *see also* 18 U.S.C. § 3742(a)(2).

## IV.

For the reasons indicated, we affirm both defendants' convictions and Mr. McGlothern's sentence.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.