# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1764MN

_____

United States of America,            *
                                     *
              Appellee,              *
                                     *   On Appeal from the United
       v.                            *   States District Court
                                     *   for the District of
                                     *   Minnesota.
Roy Patrick Bougie,                  *
                                     *
              Appellant.             *

_____

Submitted: November 13, 2001

Filed: January 30, 2002

_____

Before BYE, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Roy Patrick Bougie pleaded guilty to a one-count indictment of car-jacking in violation of 18 U.S.C. § 2119(1). At the sentencing hearing, the District Court departed upward from the plea agreement's suggested offense level of 26 to an offense level of 29. The day after the sentencing hearing, the District Court issued a written "Statement of Reasons" for the upward departure. The Court stated that it had departed upward because multiple victims were involved in the crime. However, the "Statement of Reasons" also contained factual statements that were not based on any evidence in the sentencing record.

Mr. Bougie appeals the sentence imposed by the District Court. He contends that although the District Court had the authority to increase the sentence on the basis of the presence of multiple victims, the Court lacked the authority to depart upward by relying on facts that were not contained in the record. We agree. Therefore, the sentence is vacated, and the case is remanded to the District Court for re-sentencing.

I.

On April 26, 2000, a criminal complaint was filed against Roy Patrick Bougie. Defendant was charged in the complaint with car-jacking and use of a firearm during the offense. These charges were based on a series of events that began when defendant attempted to steal a car from the Northtown Mall parking lot and rob the owner of the vehicle by threatening her at gunpoint. When defendant determined that he could not drive the vehicle, he entered a residential area by foot and threatened two other individuals at gunpoint. Pre-sentence Report at 1 (PSR). Defendant fired the gun at each of the victims. A fourth individual followed defendant from Northtown Mall and witnessed these events. Though he saw that defendant was armed, he was not fired upon or threatened at gunpoint.

A federal grand jury returned a one-count indictment of car-jacking in violation of 18 U.S.C. § 2119. Defendant was arraigned and entered a plea of guilty in November 2000. The plea agreement recommended an offense level of 26.[1] The suggested time of imprisonment in the plea agreement was 63-78 months (5 years and 3 months - 6 years and 6 months).

In March 2001, defendant filed a motion for a downward departure from the sentence contained in the plea agreement. He argued that a downward departure was

[1]The plea agreement also stated that both parties believed that defendant was entitled to a criminal history category of I.

-2-

warranted because of his diminished capacity and the post-offense rehabilitation that he had received. See U.S.S.G. §§ 5K2.13 and 5K2.0 (1999). After the government filed a motion opposing the downward departure, the District Court notified the parties that it was considering an upward departure based on the presence of multiple victims and conduct underlying a charge that had been dismissed as part of the plea agreement.[2] See U.S.S.G. §§ 5K2.0 and 5K2.21 (2000). The day the parties received notification of the possibility of an upward departure, the Court departed upward from the sentence contained in the plea agreement. The departure increased the offense level to 29 and the criminal history category to II. This action increased the sentencing range to 97-121 months of imprisonment (8 years and 1 month - 10 years and 1 month). Defendant was sentenced to 10 years of imprisonment (120 months). The Court stated that it "ha[d] not accepted the plea agreement because it [was] not satisfied that the agreement accurately reflects the seriousness of the defendant's offense behavior . . .." Sentencing Tr. at 16.

## II.

The day after defendant was sentenced, the Court issued a written "Statement of Reasons" for the upward departure. The Court stated that the robbery guidelines applicable to defendant's crime did not take into account multiple victims, and that a departure was necessary because the crime involved more than one victim. Because the guidelines at the time defendant committed the offense did not include counts

---

[2]The prosecutor stated during the sentencing hearing that the government had considered bringing an additional charge against defendant based on 18 U.S.C. § 924(c)(1)(A)(iii). This section mandates a consecutive sentence of 10 years if a firearm is discharged while being carried in relation to a crime of violence. However, due to defendant's age and the fact that he had no prior felony convictions for violent crimes, the government decided "to grant some leniency up front on the charges." Sentencing Tr. at 15.

dismissed as part of a plea agreement as a basis for departure, the Court did not depart upward on that basis.[3]

In the Statements of Reasons, the Court adopted as its findings of fact the factual statements contained in the pre-sentence report. (The defendant did not contest the PSR.) On the basis of these facts, four victims were identified. Defendant's actions towards each particular victim were recounted briefly in the Statement of Reasons. For example, with regard to the fourth victim, Kurt Robinson, the Court stated that "[t]he defendant then took the gun out of his waistband and brandished it." Statement of Reasons for Imposing Sentence at 4. This fact can not be found in the plea agreement, in any admission of fact made during the plea hearing or charge, or in any evidence offered by or even alluded to by the government at the time of sentencing. Though the pre-sentence report does state that "Robinson observed the firearm," it does not state that defendant "brandished" the gun at him. PSR at 2.

A judge has discretion to depart from a sentence contained in a plea agreement. However, any "departure must be based on factual findings supported by the record." United States v. Fawbush, 946 F.2d 584, 586 (8th Cir. 1991) (internal quotes and citations omitted). In instances when a defendant has not objected to "specific factual allegations contained in the PSR, a district court may accept the facts as true for purposes of sentencing." United States v. Young, 272 F.3d 1052, 1055 (8th Cir. 2001) (citing United States v. Moser, 168 F.3d 1130 (8th Cir. 1999)). These facts then may provide a justification for a departure. United States v. Joshua, 40 F.3d 948 (8th Cir. 1994). However, facts that are used to support a sentence must be sufficiently reliable to support that sentence. United States v. Cammisano, 917 F.2d

_____

[3]Additionally, this Court held in United States v. Harris, 70 F.3d 1001 (8th Cir. 1995), that it would be error to depart upward on the basis of counts dismissed as part of a plea agreement.

1057 (8th Cir. 1990) (holding that although the facts used to support a sentence could be found in the pre-sentence report, they were not sufficiently corroborated to support an upward departure). Though the rules of evidence do not apply in this situation, a defendant is afforded the right to refute or explain the evidence used against him. United States v. Wise, 976 F.2d 393, 402 (8th Cir. 1992) (en banc), cert. denied, 507 U.S. 989 (1993).

In the present case, the pre-sentence report did contain facts regarding defendant's actions toward four individual victims. Yet, the pre-sentence report did not include all facts relied on by the Court in its Statement of Reasons. The disputed facts can be found only in an affidavit given by an agent for the Federal Bureau of Investigation, Agent Wabas. Though the government argues that the facts are "essentially the same" as those contained in the pre-sentence report, and that all of the facts "are contained in the criminal complaint and affidavit," these documents were never introduced into the record at the time of sentencing.[4] The Court did not have the opportunity to hear testimony regarding the facts contained in Agent Wabas's affidavit, nor did defendant have the opportunity to refute this testimony. Because these facts were not included in the record, defendant's sentence is vacated and the case is remanded for re-sentencing. If the government wishes to introduce the information contained in Agent Wabas's affidavit at that time, it may do so, and defendant will have the opportunity to refute that testimony.

We reject defendant's other arguments. The sentence is vacated, and the case is remanded for re-sentencing consistent with this opinion.

---

[4]The government also argues that even if the disputed facts in the Statement of Reasons are removed, the case should not be remanded because the error is harmless. The government contends that there is more than sufficient evidence to support the sentence without the use of the disputed fact. We find this argument without merit. We do not know what importance the District Court attributed to the allegation of "brandishing."

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.