# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3094

_____

United States of America,    *
               *

  Plaintiff - Appellee,   *
               *  Appeal from the United States
v.            *  District Court for the
               *  Eastern District of Arkansas.

Stephen Rydale Bolden,    *
               *
  Defendant - Appellant.  *

_____

Submitted: January 14, 2004

Filed: May 26, 2004

_____

Before LOKEN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

LOKEN, Chief Judge.

Stephen Rydale Bolden pleaded guilty to a superseding information charging him with misprision of felony in violation of 18 U.S.C. § 4. The district court[1] departed upward and sentenced Bolden to three years in prison, the statutory maximum sentence for a misprision offense, because of Bolden's conduct relating to a dismissed drug conspiracy charge, and because he was guilty of the felony underlying his misprision offense. United States v. Bolden, 277 F. Supp. 2d 999

---

[1]The HONORABLE WILLIAM R. WILSON, JR., United States District Judge for the Eastern District of Arkansas.

(E.D. Ark. 2003). Bolden appeals his sentence, arguing that the first reason is contrary to Eighth Circuit precedent that the Sentencing Commission did not overrule until after his offense and the second reason is foreclosed by the limited scope of our prior remand. We reject both arguments and affirm.

## I. Background.

Bolden, Gerald Ghant, and Gregory Nichols were charged in a fourteen count superseding indictment. Count one charged all three with conspiring to distribute more than five kilograms of cocaine. Counts two through fourteen charged Bolden with violating 31 U.S.C. §§ 5313(a) and 5322 by structuring transactions with financial institutions to avoid currency reporting requirements. The district court granted Ghant's motion to sever Bolden's case. A jury convicted Ghant and Nichols of the charged drug conspiracy, subjecting them to 120-month mandatory minimum sentences. The district court departed downward from their guideline ranges and sentenced them to 126 and 120 months, respectively. We affirmed. United States v. Ghant, 339 F.3d 660 (8th Cir. 2003), cert. denied, 124 S. Ct. 1184 (2004).

Meanwhile, Bolden agreed to plead guilty to a superseding information charging him with misprision of the felony of structuring transactions to avoid currency reporting requirements. The plea agreement stipulated that the parties "have arrived" at a preliminary guidelines range calculation of four to ten months and would "recommend that the Court adopt an amount of $459,162.50, for all sentencing purposes, including relevant conduct." The agreement also provided that the district court was not bound by these stipulations.

Bolden's change-of-plea hearing took place on the day the district court sentenced Ghant and Nichols. Before accepting Bolden's guilty plea, the court asked government counsel:

THE COURT: How would you rank him with the two men that are going to be sentenced this afternoon, the defendant here?

[GOVERNMENT COUNSEL]: Well, frankly, your Honor, our theory of the case was that Mr. Bolden was more the mastermind behind the drug activity that was involved with the two defendants. However, we have agreed . . . to dismiss Count 1, assuming that Mr. Bolden is able to satisfy the Court that he is guilty of the offense that we propose to charge him with [in] the superseding information.

Bolden then admitted that he had caused certain deposits to be made in financial institutions for the purpose of avoiding currency reporting requirements. The court accepted his guilty plea, dismissed the superseding indictment, and scheduled a sentencing hearing.

Bolden's Presentence Investigation Report calculated his guidelines sentencing range as zero to six months in prison, applying U.S.S.G. § 2X4.1 (1997), the misprision of felony guideline in effect when the offense concluded in July 1998.[2] Concerned that Bolden was the "kingpin of a drug distribution conspiracy" who would then receive a disparate penalty compared to Ghant and Nichols, the district court departed upward under U.S.S.G. § 5K2.0 (1997) and sentenced Bolden to the statutory maximum of three years in prison. Bolden appealed. The government moved to remand for resentencing. We granted that motion without an opinion.

---

[2]Section 2X4.1 (1997) set the base offense level at nine levels lower "than the offense level for the underlying offense, but in no event less than 4, or more than 19." The base offense level for the underlying structuring offense was 17 because it involved more than $350,000 but less than $500,000 and Bolden knew or believed that the funds were proceeds of unlawful activity. See U.S.S.G. §§ 2S1.3 (1997), 2F1.1 (1997); United States v. Booker, 186 F.3d 1004, 1007 (8th Cir. 1999). Thus, the misprision base offense level was 8. An adjustment for acceptance of responsibility produced a total offense level of 6.

On remand, the district court again departed upward and sentenced Bolden to three years in prison. Again applying § 5K2.0 (1997), the court found two "aggravating circumstances of a nature that are not adequately taken into consideration by the Sentencing Commission in formulating the [misprision of felony] guidelines." First, Bolden's conduct relating to the dismissed cocaine conspiracy charge warranted an upward departure. "Having reviewed the evidence again," the court explained, "I am even more satisfied that Mr. Bolden was the 'kingpin' or 'mastermind' behind the conspiracy charged in the first count of the original indictment." Bolden, 277 F. Supp. 2d at 1006. Second, because Bolden was guilty of the structuring felony underlying his misprision plea, Bolden deserved an upward departure eliminating the nine-level reduction built into § 2X4.1, the misprision of felony guideline. Bolden, 277 F. Supp. 2d at 1012.

Bolden again appeals his sentence, arguing that the district court relied on two impermissible bases for an upward departure. Congress modified our applicable standard of review in § 401(d) of the PROTECT Act. Pub. L. No. 108-21, § 401(d), 117 Stat. 650, 670 (2003), amending 18 U.S.C. § 3742(e) and (f). When, as here, the defendant appeals an upward departure and the district court has provided the required written statement of reasons for the sentence, we must first determine by de novo review whether the departure is "based on a factor that --

(i) does not advance the objectives set forth in section 3553(a)(2); or
(ii) is not authorized under section 3553(b); or
(iii) is not justified by the facts of the case . . . ."

18 U.S.C. § 3742(e)(3)(B). If we determine that the departure "is based on an impermissible factor, or is to an unreasonable degree," and that "the sentence is too high," we must state specific reasons for our conclusions and remand for further sentencing proceedings. 18 U.S.C. § 3742(f)(2)(A). As these amendments are

procedural in nature, they apply to pending cases.  See United States v. Gonzales-Ortega, 346 F.3d 800, 801-02 (8th Cir. 2003).

## II. The Dismissed "Kingpin" Conduct.

In United States v. Harris, 70 F.3d 1001, 1003 (8th Cir. 1995), we held that the district court "erred in considering conduct from the dismissed count as the basis for an upward departure under section 5K2.0 in clear opposition to the intentions of the parties as embodied in their plea agreement."  Relying on Harris, Bolden argues that the district court erred in departing upward based upon his conduct underlying the dismissed drug conspiracy charge.

A majority of the other circuits disagreed with our interpretation of § 5K2.0 in Harris.  On November 1, 2000, the Sentencing Commission resolved this conflict in the circuits[3] by adopting § 5K2.21, which expressly provides that the sentencing court "may increase the sentence above the guidelines range . . . based on conduct . . . underlying a charge dismissed as part of a plea agreement."  Bolden argues that the district court was nonetheless bound to apply Harris because § 5K2.21 was adopted after his offense of conviction was committed, and the Ex Post Facto Clause prohibits the retroactive application of a guidelines amendment that produces a harsher sentence.  See United States v. Comstock, 154 F.3d 845, 848 (8th Cir. 1998).  We disagree because the argument overlooks the impact of the Supreme Court's decision in Koon v. United States, 518 U.S. 81(1996),  prior to Bolden's offense conduct.  In Koon, the Court explained that a sentencing court considering whether to depart from the applicable guidelines range must first determine whether a potential departure

---

[3]The Supreme Court has noted that, in authorizing the Commission to review and revise the Guidelines, "Congress necessarily contemplated that the Commission would periodically review the work of the courts, and would make whatever clarifying revisions to the Guidelines conflicting judicial decisions might suggest." Braxton v. United States, 500 U.S. 344, 348 (1991).

factor is forbidden, encouraged, discouraged, or unmentioned in the Guidelines. 518 U.S. at 95-96. Prior to the clarifying amendment in § 5K2.21, conduct underlying a dismissed charge was an unmentioned factor. As we have previously explained:

> If a factor is unmentioned in the Guidelines, the court must, after considering the 'structure and theory of both relevant individual guidelines and Guidelines taken as a whole,' decide whether it is sufficient to take the case out of the Guideline's heartland. The court must bear in mind the Commission's expectation that departures based on grounds not mentioned in the Guidelines will be 'highly infrequent.' 1995 U.S.S.G. ch.1, pt.A.

United States v. Kalb, 105 F.3d 426, 428 (8th Cir. 1997), quoting Koon, 518 U.S. at 96. Koon overruled, not the result in Harris, but Bolden's interpretation of Harris as *precluding* a departure based on dismissed conduct. Thus, this ground for the district court's upward departure was not "an impermissible factor" within the meaning of 18 U.S.C. § 3742(f)(2).

There remains the question whether a departure on this ground is "justified by the facts of the case." The district court relied on the evidence presented in the trial of Ghant and Nichols, after allowing Bolden time to review the transcript from that trial. Bolden, 277 F. Supp. 2d at 1005. Bolden argues that the evidence was not sufficient to support the court's finding that he was the conspiracy's "kingpin." But Bolden need not be the kingpin to justify a sentence of three years, when conspirators Ghant and Nichols received sentences of 126 and 120 months that included *downward* departures. The evidence from the prior trial was clearly sufficient to support the court's finding that Bolden participated in the drug conspiracy. Thus, the upward departure on this ground is "justified by the facts of the case" and does not depart "to an unreasonable degree." 18 U.S.C. § 3742(e)(3)(B)(iii) & (f)(2).

### III. The Misprision of Felony Conduct.

The district court also departed upward on the ground that Bolden's active participation in the felony underlying his misprision offense justifies an upward departure because the nine-level reduction in the misprision guideline presumes that the defendant did not commit the underlying offense. Bolden first argues that the court violated the permissible scope of our remand order by considering a new departure ground on remand. We disagree. On remand, "a district court may resentence a defendant on different grounds, considering different enhancements or departures, as long as they are not foreclosed by the scope of the appellate decision." United States v. Fortier, 242 F.3d 1224, 1232 (10th Cir.), cert. denied, 534 U.S. 979 (2001); accord United States v. Evans, 314 F.3d 329, 332 (8th Cir. 2002), cert. denied, 539 U.S. 916 (2003). In this case, our prior remand order contained no foreclosing or limiting directive.[4]

Bolden further argues that the district court erred in departing upward on this ground. The court relied on Fifth Circuit cases noting that the nine-level reduction in § 2X4.1 was based on the "traditional mold" that "[m]isprision is normally not committed by one of the perpetrators of the underlying offense," and holding that "the district court may depart from the misprision guideline range if it makes a specific finding that [the defendant] was guilty of the underlying offense." United States v. Warters, 885 F.2d 1266, 1275 (5th Cir. 1989).

---

[4]The reference to "different . . . departures" in Fortier was legislatively overruled by § 401(d) of the PROTECT Act, which enacted what is now 18 U.S.C. § 3742(g)(2). However, Bolden does not raise this issue on appeal, and we decline to consider it, particularly because the limitation in § 3742(g)(2)(A) is tied to "the written statement of reasons required by section 3553(c) in connection with the previous sentencing." That requirement was added to § 3553(c) by the PROTECT Act after the district court's initial sentencing in this case.

We agree with the Fifth Circuit's analysis. The misprision of felony statute, 18 U.S.C. § 4, provides:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

While this statutory offense requires proof of "affirmative steps" to conceal a known felony, Neal v. United States, 102 F.2d 643, 646 (8th Cir. 1939), it does not require proof that the defendant participated in the underlying felony. The English House of Lords reviewed the common law origins of the misprision offense, and compared its elements to other offenses of "like degree," such as accessory after the fact and compounding a felony, in Sykes v. Director of Pub. Prosecutions, [1962] A.C. 528, 563-64. This review strongly supports the Fifth Circuit's description of the "traditional mold." Moreover, application note 2 to § 2X4.1 provides that a mitigating role adjustment is usually inappropriate because "an adjustment for reduced culpability is incorporated in the base offense level." This is textual Guidelines support for the Fifth Circuit's conclusion that active participation in the underlying felony is a factor not adequately taken into account in § 2X4.1.

For these reasons, we agree that involvement in the underlying felony offense is a permissible basis for an upward departure in misprision of felony cases. Certainly, a departure based on this "unmentioned" factor would not be appropriate in most misprision cases. But our reported decisions suggest that plea agreements allowing defendants who were actively involved in underlying felonies to plead guilty to misprision of felony are not uncommon. See United States v. Santos-Garcia, 313 F.3d 1073, 1076-77 (8th Cir. 2002); United States v. Escamilla, 301 F.3d 877, 878 (8th Cir. 2002), cert. denied, 537 U.S. 1142 (2003); United States v. Mooring, 137 F.3d 595, 596 (8th Cir.), cert. denied, 525 U.S. 902 (1998). In such cases, the

sentencing court has discretion to depart upward based on sufficient proof that a defendant who pleaded guilty to misprision of felony in fact committed or actively participated in the underlying felony. Here, the court's decision to depart on this ground is "justified by the facts of the case" because Bolden admitted that he caused the underlying structuring felony using the financial institution accounts of friends and relatives. 18 U.S.C. § 3742(e)(3)(B)(iii). In these circumstances, a departure eliminating the nine-level reduction in § 2X4.1 is not unreasonable.

## IV. Conclusion.

For the foregoing reasons, we conclude that the upward departure is based on permissible factors, justified by the facts of the case, and reasonable in degree, and that the resulting sentence is not too high. Accordingly, the judgment of the district court is affirmed.

_____