# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2164

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal From the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Shelbourne Selwyn, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 16, 2004
Filed: February 23, 2005

_____

Before WOLLMAN, HEANEY, and FAGG, Circuit Judges.

_____

HEANEY, Circuit Judge.

Following a jury trial, Shelbourne Selwyn was convicted of possession with intent to distribute methamphetamine or aiding and abetting possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court[1] sentenced Selwyn to 21 months of imprisonment with three years of supervised release. On appeal, Selwyn claims that the evidence was insufficient to support his conviction and further challenges the sentence imposed by the district court. We affirm the conviction, but remand for resentencing.

_____

[1]The Honorable Lawrence J. Piersol, Chief Judge, United States District Court for the District of South Dakota.

## BACKGROUND

We recount the evidence in the light most favorable to the jury verdict. <u>United States v. Washington</u>, 318 F.3d 845, 852 (8th Cir. 2003). On March 12, 2003, Bureau of Indian Affairs (BIA) Officer Stephanie Star and BIA Special Agent Randy Vettleson went to Selwyn's home to investigate a report that Selwyn was using methamphetamine while children were present. At his home, Selwyn consented to a urinalysis and to the search of his home. Selwyn admitted methamphetamine use after the officers told him that the urinalysis was positive for drug use. Selwyn also admitted possession of drug paraphernalia, including plastic baggies, light bulbs and pen tubes found in the house. In a locked safe, the officers found nine baggies of methamphetamine, $150, a scale measuring up to one gram, and other drug paraphernalia. The baggies of methamphetamine were separated by size, with smaller baggies in one ziplock bag, and larger baggies in another ziplock bag. Selwyn denied ownership of the methamphetamine in the safe, and denied that he was associated with the distribution of methamphetamine.

At trial, Alice Waln testified that she purchased methamphetamine from Selwyn on March 11, 2003. She entered Selwyn's home and followed Selwyn to a back bedroom where she watched him take the methamphetamine from a locked compartment. She paid him $25 for the drug and left. Later in the day, she called Selwyn and returned to purchase another $25 worth of methamphetamine. Rena Rainbow also testified that she went to Selwyn's home three or four times in February and March of 2003 to purchase methamphetamine. On one occasion, she followed Selwyn into a back bedroom and saw him take methamphetamine from a closet to sell to her.

A jury convicted Selwyn of possession with intent to distribute methamphetamine or aiding and abetting the possession with intent to distribute methamphetamine. The jury did not make any finding regarding the amount of

methamphetamine involved. Selwyn's presentence report suggested that he possessed 17.7 grams of methamphetamine for distribution. Selwyn objected to this portion of the report, claiming that methamphetamine he kept for personal use should be deducted. At sentencing, the district court found that some of the methamphetamine was used rather than sold and concluded that Selwyn possessed a total of 7.17 grams for distribution. The district court denied the defendant's motion for downward departure based on family ties and responsibilities, and denied Selwyn's motion for a two-point reduction as a minor participant in the methamphetamine sales. The court determined that Selwyn had a guideline range of 21 to 27 months and sentenced Selwyn to 21 months imprisonment.

Selwyn appeals, claiming that there was insufficient evidence to support his conviction, that the court erred in sentencing by denying a downward departure based on family ties, not reducing his offense level as a minor participant, and that he was sentenced in violation of the Sixth Amendment because the sentence was based on drug quantity findings not admitted by Selwyn or proved to a jury beyond a reasonable doubt.

**ANALYSIS**

Because Selwyn did not move for acquittal at the close of the government's case, our review is for plain error. United States v. McCaghren, 666 F.2d 1227, 1232 (8th Cir. 1981). We review the facts in the light most favorable to the verdict, and will resolve conflicts in favor of the verdict; we will sustain the verdict if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt. United States v. Hamilton, 332 F.3d 1144, 1148-49 (8th Cir. 2003).

Selwyn argues essentially that the methamphetamine found in the house was intended for personal use, and that he was neither involved in, nor aware of, the

methamphetamine sales. Two witnesses testified that they personally purchased methamphetamine from Selwyn, and that they saw Selwyn remove the methamphetamine from the locked case in the bedroom. Selwyn asserts that Alice Waln's testimony was not a sufficient basis for his conviction because it was inconsistent in some details. These inconsistencies may have had some impact on the believability of Waln's testimony; however, "we can neither weigh the evidence nor assess the credibility of witnesses." United States v. Stroh, 176 F.3d 439, 440 (8th Cir 1999). Waln's testimony adequately supports the jury's conclusion that Selwyn was involved in the sale of methamphetamine. We therefore affirm Selwyn's conviction.

Selwyn contends that he was sentenced in violation of the Sixth Amendment. No drug quantity was stated in the indictment or found by the jury. The district court determined at sentencing that Selwyn possessed 7.17 grams for distribution, which increased Selwyn's base offense level from 12 to 16 and the sentencing range from 10 to 16 months to 21 to 27 months. Compare USSG § 2D1.1(c)(14) with § 2D1.1(c)(12). Facts "necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." United States v. Booker, 125 S. Ct. 738, 756 (2005). Selwyn objected to drug quantity findings, preserving this issue for appeal. See United States v. Fox, No. 03-3554; 2005 WL 195429 at *8 (8th Cir. Jan. 31, 2005). We therefore remand to the district court for resentencing. Because Selwyn is entitled to resentencing in light of Booker, we do not address Selwyn's additional claims beyond noting that they may be considered at the new sentencing proceeding.

## CONCLUSION

We affirm the judgment of the district court and remand for reconsideration of Selwyn's sentence. We deny Selwyn's motion to file a supplemental brief.

_____