**UNITED STATES of America,
Appellee,**

v.

**Jeffrey D. SAYRE, Appellant.**

**No. 04–1330.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Oct. 29, 2004.

Filed: March 9, 2005.

Rehearing and Rehearing En Banc
Denied April 13, 2005.

James R. Hobbs, argued, Kansas City, MO (W. Brian Gaddy, on the brief), for appellant.

William L. Meiners, argued, Asst. U.S. Atty., Kansas City, MO, for appellee.

Before BYE, BEAM and GRUENDER, Circuit Judges.

BEAM, Circuit Judge.

Jeffrey Sayre appeals the sentence imposed by the district court[1] following his plea of guilty to a charge of interference with commerce by means of extortion under color of official right. We affirm.

**I. BACKGROUND**

Sayre, a former Missouri state court judge, pleaded guilty to extortion after accepting a $10,000 bribe from a criminal defendant. A second count, charging him with conspiracy to obstruct justice by killing a witness, was dismissed pursuant to the plea agreement. Sayre admitted that he conspired to kill the criminal defendant after he learned that the defendant was cooperating with authorities concerning the bribe Sayre received, but Sayre claimed that he "came to [his] senses and decided not to act out on [his] words." The district court assessed a two-level obstruction-of-justice enhancement for the murder conspiracy and departed upward an additional four offense levels based on the seriousness of Sayre's obstructive con-

1. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

duct. The court sentenced him to forty-eight months' imprisonment and three years' supervised release. Sayre agreed to the two-level enhancement for obstruction of justice. He challenged the additional four-level departure the district court imposed as a result of the same conduct and renews that challenge on appeal. Sayre did not challenge the constitutionality or mandatory nature of the guidelines before the district court.

## II. DISCUSSION

We decide this case in light of the new guidelines regime articulated in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court imposed Sayre's sentence under a guidelines framework that was, at the time, mandatory. However, the Supreme Court has now instructed that the federal sentencing guidelines are merely advisory. *Id.* at 757. As modified, the Act "requires a sentencing court to consider Guidelines ranges ... but it permits the court to tailor the sentence in light of other statutory concerns as well." *Id.* Thus, the district court erroneously sentenced Sayre under a mandatory system.

We note that in *Booker*, Justice Breyer contemplates the varied circumstances in which cases currently pending present themselves on appeal and recognizes that even in light of *Booker*, not every appeal will lead to a new sentencing hearing. *Id.* at 769. That is because

reviewing courts [will] apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the "plain-error" test. It is also because, in cases not involving a Sixth Amendment violation, whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine.

*Id.*

Post-*Booker*, there is considerable discussion about the proper appellate standard of review in cases involving the district court's application of the sentencing guidelines.[2] Some question whether, in cases not involving a Sixth Amendment violation,[3] there must be an objection to the mandatory nature of the guidelines in order to preserve that error on appeal, or whether a general objection to the sentence imposed under the guidelines is sufficient to preserve a *Booker* error as well.

In Sayre's case we need not answer these questions nor mark new territory. Whether we review the district court's imposition of sentence for harmless error or plain error, the result is the same for Sayre. If Sayre failed to preserve the error, we would review for plain error. And if Sayre did preserve the error, the error would be subject to harmless-error review. Under either review, the ultimate inquiry requires a determination as to whether the error affected substantial

---

**2.** While some circuit panels are resolving pending *Booker* issues by automatically remanding those cases to the district court, *see, e.g., United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), such a system seems to fly in the face of the very burden placed on defendants under *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). *Olano* makes clear that even though the court engages in a specific analysis of the district court record to determine whether an error

was prejudicial, the defendant (or the government depending on whether a timely objection was made) bears the burden of persuasion with respect to prejudice. *Id.* at 734, 113 S.Ct. 1770.

**3.** Here, we have no Sixth Amendment violation because Sayre admitted all facts reviewed by the district court in imposing the sentence.

rights, which in most cases means whether the error was prejudicial or affected the outcome of the district court proceedings. *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Our review affirms the fact that while the district court followed a sentencing scheme that is no longer mandatory, doing so did not affect Sayre's ultimate sentence in this case. Clearly, the district court wanted to fully account for Sayre's behavior and have that conduct reflected in Sayre's ultimate sentence:

> I am going somewhat over the Government's recommendation, and you have a right to appeal if discretion is badly exercised. In a goal that I set for myself I won't use a five-year sentence, but I will use a four-year sentence. That translates into a four-point enhancement beyond the two provided in the guidelines. It is hard to say just why I am taking a year off the sentence that I was thinking of as a maximum. The situation has caused an unusual sacrifice of status for you and your family and that is a consideration. You have suffered significant punishment, as the letters to me say, and I think you are quite capable of learning and you will not be planning any more murders. I am satisfied that the seriousness of the offense requires that at least a four-year sentence be imposed.

Thus, there is no question that the district court clearly imposed the sentence it felt appropriate on these facts. A remand in this case is futile. Therefore, we affirm the district court's imposition of forty-eight months of incarceration, a sentence which reasonably reflects the seriousness of the conduct at issue.

## III. CONCLUSION

For the reasons stated herein, we affirm.

GRUENDER, Circuit Judge, concurring in the judgment.

I concur in the judgment of the Court because I agree that Sayre's sentence should be affirmed. I write separately, however, because I believe that Sayre's challenge to the constitutionality of the sentencing guidelines deserves only plain-error review.

The district court found that Sayre's conduct in planning to murder a witness was an aggravating circumstance present to a degree not adequately taken into consideration by the Sentencing Commission and imposed a 4-level upward departure under U.S.S.G. § 5K2.0. That upward departure raised Sayre's sentencing range from to 27–33 months to 41–51 months, and the district court sentenced Sayre to 48 months' imprisonment. Sayre objected only to the upward departure during proceedings before the district court.

As a preliminary matter, I conclude that the district court did not commit error in departing upward and imposing a 48-month sentence. Section 5K2.0 allows the district court to depart upward if it determines that the circumstances that form the basis for the departure were of a kind or present to a degree not adequately taken into consideration by the Sentencing Commission in determining the applicable guideline range. *See United States v. Bolden,* 368 F.3d 1032, 1035–36 (8th Cir.2004). In this case, the district court properly concluded that Sayre's conduct involved aggravating circumstances present to a degree not adequately taken into consideration in formulating the guideline ranges for extortion and obstruction of justice. *See* U.S.S.G. §§ 2C1.1 and 3C1.1. Sayre was a sitting state trial judge who accepted bribes in exchange for favorable rulings for a criminal defendant appearing before him. Sayre then conspired to kill the per-

son who bribed him when Sayre learned that person was cooperating with law enforcement regarding Sayre's acceptance of the brides. Under these facts, the district court correctly held that Sayre's conduct involved aggravating circumstances not normally present in cases of extortion and obstruction of justice. For these reasons, the district court's upward departure was proper under Section 5K2.0.

While appealing the district court's upward departure under the guidelines, Sayre sought leave to file a supplemental brief regarding *Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), arguing that the federal sentencing guidelines may be unconstitutional. I agree with the opinion of the Court that this motion was sufficient to bring the constitutionality of mandatory guidelines to our attention. I also agree that despite constitutional error under *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Sayre's sentence should be affirmed.

As the Court's opinion notes, Sayre cannot argue that the district court violated his Sixth Amendment rights because all of the facts the district court relied upon in determining Sayre's sentence were either admitted or deemed to be admitted when Sayre did not object to their inclusion in the Presentence Investigation Report ("PSR"). *See Booker,* 125 S.Ct. at 756; *United States v. Cramer,* No. 04–1129, 396 F.3d 960, 965, 2005 U.S.App. LEXIS 1707, at *13 (citing *United States v. Bougie,* 279 F.3d 648, 650 (8th Cir.2002)).

Because the district court did not violate Sayre's Sixth Amendment rights, he could only argue that the court erred in sentencing him under the belief that the sentencing guidelines were mandatory. *See Booker,* 125 S.Ct. at 769. Although the opinion of the Court refers to "[s]ome question" about the requirements to preserve *Booker* error in cases without a Sixth Amendment violation, it is well established that contemporaneous objections stating the grounds upon which relief is sought are required to preserve an issue for appellate review. *United States v. Quam,* 367 F.3d 1006, 1007–08 (8th Cir.2004); Fed R.Crim. P. 51(b) ("A party may preserve a claim of error by informing the court—when the court ruling or order is made or sought—of … the party's objection to the court's action and the grounds for that objection.").[4] Applying our "ordinary prudential doctrines" regarding appellate review, I would hold that a defendant must object to either the constitutionality of the guidelines or their mandatory application in order to preserve *Booker* error. *See Booker,* 125 S.Ct. at 769 ("[W]e expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain-error' test.").

In this case, Sayre objected only to the upward departure during proceedings before the district court. At no time during sentencing or any other proceeding before the district court did he object to the constitutionality of the guidelines or their mandatory application. Because I believe Sayre failed to preserve this issue, I would review for plain error only. *See United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Franklin,* No. 04–1937, 397 F.3d

---

4. In *United States v. Fox,* 396 F.3d 1018, 1027 (8th Cir.2005), and *United States v. Selwyn,* No. 04–2164, 398 F.3d 1064, 1066, 2005 U.S.App. LEXIS 3122, at *5–*6 (8th Cir. Feb. 23, 2005), this Court briefly considered whether an objection to drug quantities was sufficient to preserve Sixth Amendment violations under *Booker.* This case does not involve a Sixth Amendment violation, and this Court has not addressed what objection would be sufficient to preserve *Booker* error without a Sixth Amendment violation.

604, 607, 2005 U.S.App. LEXIS 1878, at *6 (8th Cir. Feb. 7, 2005). By applying a plain error standard to the analysis contained in the Court's opinion, I reach the same conclusion, that Sayre's sentence should be affirmed, because I agree that by departing upward, the district court effectively treated the guidelines as advisory and that, as a result, re-sentencing would be futile. Finally, following Justice Breyer's remedial majority in *Booker*, Sayre's sentence reflects a reasonable application of the factors listed in 18 U.S.C. § 3553(a). *Booker*, 125 S.Ct. at 765–66.

For the above reasons, I concur in the judgment of the Court.