# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3526

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Western District of Missouri.
James E. Steinbrook,　　　　　　　*
　　　　　　　　　　　　　　　　　*　　　　[UNPUBLISHED]
　　　　　　　Appellant.　　　　　　*

_____

Submitted: April 6, 2005
Filed: April 12, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

James E. Steinbrook pleaded guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Viewing the federal Sentencing Guidelines as presumptively constitutional and mandatory, the district court imposed a Guidelines sentence of 51 months imprisonment and 5 years supervised release. The court stated, however, that 12 months would be a more appropriate prison term in this case, if the Guidelines were not mandatory; and Mr. Steinbrook stated that he was not acquiescing to the constitutionality of the Guidelines. Mr. Steinbrook now appeals, arguing that it was inappropriate to sentence him under an unconstitutional Guidelines scheme.

We conclude that Mr. Steinbrook preserved his challenge to the constitutionality of the Guidelines, and that it was not harmless error for the district court to sentence him under a Guidelines scheme the court believed to be mandatory. See United States v. Booker, 125 S. Ct. 738, 756-57, 769 (2005) (holding mandatory aspect of federal Sentencing Guidelines was unconstitutional; modifying Sentencing Reform Act provisions to make Guidelines advisory; in cases not involving Sixth Amendment violation, whether resentencing is warranted may depend on application of harmless-error doctrine); United States v. Haidley, 400 F.3d 642, 644-45 (8th Cir. 2005) (sentencing defendant under Guidelines scheme district court believed to be mandatory rather than advisory was not harmless error, where district court sentenced defendant to minimum possible sentence under applicable Guidelines range and appeals court was left with "grave doubt" as to whether district court might have imposed lesser sentence if it had realized that Guidelines were only advisory; remanding for resentencing); United States v. Sayre, 400 F.3d 599, 600-601 (8th Cir. 2005) (ultimate inquiry requires determination as to whether error affected substantial rights, which in most cases means whether error was prejudicial or affected outcome of district court proceedings).

Accordingly, we vacate the sentence and remand to the district court so that Mr. Steinbrook may be resentenced in accordance with Booker.

_____