# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3406

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Vance Campbell, also known as | * | |
| Richard Huff, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 6, 2005
Filed: April 13, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges

_____

PER CURIAM.

Vance Campbell appeals the sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute and possess with intent to distribute at least 500 grams of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. Campbell argues that the drug-quantity calculation violated Blakely v. Washington, 124 S. Ct. 2531 (2004), that the entire federal Sentencing Guidelines should be held unconstitutional, and that the case

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

should be remanded for resentencing under an indeterminate sentencing scheme. For the reasons discussed below, we affirm the district court.

The Supreme Court recently decided in United States v. Booker, 125 S. Ct. 738 (2005), that the reasoning in Blakely applies to the federal Sentencing Guidelines, and therefore that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt." See id. at 756. The district court's drug-quantity determination did not implicate Campbell's rights, however, because he stipulated to the drug quantity in his plea agreement. See id.

Campbell was unconstitutionally sentenced, over his objection, under a mandatory Guidelines system. See id. at 756-57 (federal Sentencing Guidelines are merely advisory). We conclude, however, that he cannot show reversible error because the district court specified that it would impose a sentence within the Guidelines range even if the Guidelines were held to be not binding, and Campbell was sentenced at the bottom of the undisputed Guidelines range. See United States v. Sayre, No. 04-1330, 2005 WL 544819 at *2 (noting that, whether sentence was reviewed for plain error or harmless error, affirmance was appropriate because ultimate inquiry was whether district court's error in following nonmandatory sentencing scheme affected defendant's ultimate sentence, and it was clear district court wanted to impose sentence it felt appropriate on the undisputed facts, making any remand futile); cf. Williams v. United States, 503 U.S. 193, 202-03 (1992) (when district court misapplies Guidelines, remand is required unless reviewing court determines, on basis of whole record, that error is harmless, i.e., error did not affect district court's selection of sentence imposed).

Finally, although Campbell does not specifically raise the issue, we find that his sentence was not unreasonable. See Booker, 125 S. Ct. at 764-67.

Accordingly, we affirm.

_____