# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3261

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| David Lee Russell, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: May 12, 2005
Filed: May 18, 2005

———————

Before WOLLMAN, BYE, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

David Lee Russell appeals the district court's[1] denial of his suppression motion, and he alleges ineffective assistance of counsel during plea bargaining, error under United States v. Booker, 125 S. Ct. 738 (2005), and ineffective assistance of counsel for failing to raise Booker error.

———————

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

## I.

Russell's first claim is that the district court erred in denying his motion to suppress evidence seized in what he contends was a search without probable cause. Under Rule 11(a)(2) of the Federal Rules of Criminal Procedure, a defendant can enter into a conditional guilty plea and reserve the right to challenge a pre-trial decision. Russell, however, entered an unconditional guilty plea subsequent to the district court's denial of his motion to suppress. Our case law is clear in circumstances when a defendant does not reserve his rights under Rule 11(a)(2) by entering into a conditional plea agreement, he cannot challenge pre-trial rulings. United States v. Arrellano, 213 F.3d 427, 430 (8th Cir. 2000).

Russell counters with there being no waiver of appellate rights in his plea agreement and his plea was not knowing and voluntary due to his counsel's ineffective assistance. He is correct his plea agreement does not contain a waiver of appellate rights as a general matter, which is why we address his sentencing issues below, but he did waive his right to challenge pre-trial rulings by unconditionally pleading guilty. Russell's claim regarding ineffective assistance of counsel is cognizable, and we have recognized a plea agreement may not be knowing and voluntary when it is the result of the ineffective assistance of counsel. See DeRoo v. United States, 223 F.3d 919, 923-24 (8th Cir. 2000). Ineffective assistance of counsel claims, however, are generally not reviewed on direct appeal unless the district court has developed a record on the issue. See United States v. Lee, 374 F.3d 637, 654 (8th Cir. 2004). Here, the district court did not develop a record on the matter, and ineffective assistance is not evident on the record before us. Thus, Russell's argument of his plea agreement being tainted by the ineffective assistance of counsel is properly addressed in a 28 U.S.C. § 2255 motion in district court, not on direct appeal. We therefore do not address the merits of Russell's ineffective assistance of counsel claim.

II.

Russell makes two <u>Booker</u>-related claims regarding his sentencing.  First, he contends error due to the district court's factfinding and application of the sentencing guidelines.  Second, he alleges ineffective assistance of counsel due to his counsel's failure to object to the sentencing proceedings based on <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), despite the case having been handed down approximately two months before Russell's sentencing took place.[2]

Russell's claim of direct <u>Booker</u> error is reviewed for plain error.  Under this standard, Russell must "show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." <u>United States v. Pirani</u>, No 03-2871, slip op. at 11 (8th Cir. Apr. 29, 2005) (en banc).  Similarly, to prevail on a claim of ineffective assistance of counsel, he must show having suffered prejudice, which means "there is a reasonable probability that, but for counsel's errors," the outcome of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984).  There is no reasonable probability Russell would have received a more favorable sentence (and thus the outcome of the proceedings would have been different) had the alleged errors been addressed.[3]  The district court was obviously aware of the <u>Blakely</u> decision and explicitly made an alternative ruling if it were not bound by the guidelines, it would still impose the same sentence.  In light of the district court's explicit conclusion, Russell cannot show any prejudice stemming from the alleged errors.  <u>See</u> <u>United</u>

---

[2]While, as noted above, we do not normally address ineffective assistance of counsel claims on direct appeal, we do address this claim as it fails on the record before us.

[3]Because we determine Russell suffered no prejudice from his counsel's alleged deficiencies, we need not determine whether they arose to the level of constitutional ineffectiveness.

States v. Sayre, 400 F.3d 599, 600 (8th Cir. 2005) (finding <u>Booker</u> error to be harmless when the district court imposed the sentence it felt to be appropriate).

We therefore affirm the district court.

_____