# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3606

_____

United States of America

*Plaintiff - Appellee*

v.

Steven Lee Vandewalker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: June 6, 2014
Filed: June 11, 2014
[Unpublished]

_____

Before BYE, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Steven Vandewalker pleaded guilty to bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d), and the district court[1] sentenced him to 235 months in prison and

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

5 years of supervised release, and ordered restitution of $30,005.38. On appeal, in a brief filed under Anders v. California, 386 U.S. 738 (1967), Vandewalker argues that the district court abused its discretion in granting the government's motion and departing upward from the Guidelines imprisonment range calculated in the presentence report based on Vandewalker's under-represented criminal history score and dismissed conduct, and that the court imposed an unreasonable sentence.

Vandewalker acknowledges considerable unscored convictions, but argues the departure was erroneous because the conduct involved mainly petty offenses, with no violence until the present offense, and that the criminal history score adequately accounted for his conduct. He also argues that the departure based on the conduct underlying the dismissed charges undercut the plea bargain. We conclude, however, in light of the parties' express reservation of the right to argue departures, that the district court did not abuse its discretion in departing upward. See U.S.S.G. §§ 4A1.3 (district court may depart upward "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes"); 5K2.21 (district court may impose upward departure for dismissed or uncharged conduct, in order to "reflect the actual seriousness of the offense," based on conduct underlying charge dismissed as part of plea agreement which did not otherwise enter into determination of Guideline range); United States v. White Twin, 682 F.3d 773, 775-77 (8th Cir. 2012) (standard of review); United States v. Schwalk, 412 F.3d 929, 932-34 (8th Cir. 2005) (departure based on under-represented criminal history); United States v. Bolden, 368 F.3d 1032, 1035 (8th Cir. 2004) (departure based on conduct underlying dismissed charge).

Further, we conclude the sentence was substantively reasonable, especially in light of the district court's statement that it would have varied upward even if it had not departed, based on factors such as the seriousness of the offense, Vandewalker's unprovoked assault on a bank customer, the terror inflicted upon the bank employees,

and Vandewalker's history and present aggressiveness and dangerousness. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (deferential abuse-of-discretion standard applies in reviewing substantive reasonableness of sentence; reviewing court may not require extraordinary circumstances to justify sentence constituting departure).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the district court.

_____