UNITED STATES of America, Appellee,

v.

**Paul Anthony WHITE, Appellant.**

**No. 83–1692.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1984.

Decided Jan. 13, 1984.

---

Before HENLEY, Senior Circuit Judge, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Paul Anthony White appeals from his conviction of transporting a minor across state lines for purposes of prostitution in violation of 18 U.S.C. § 2423. For reversal appellant argues that the district court[1] erred in accepting appellant's guilty plea because (1) there was an insufficient factual basis for the plea, (2) the government failed to advise the court that its sole witness had made prior inconsistent statements, and (3) the government violated the terms of its plea agreement with appellant. We affirm.

Appellant was charged in a three-count indictment with transporting three minor males from Missouri to Kansas for purposes of prostitution. The only evidence of interstate transportation came from the three minors, two of whom retracted their statements that appellant had taken them into Kansas. The third minor, Jerry Noble, persisted in his averment that appellant had taken him across state lines.

On July 19, 1982 appellant entered a guilty plea to the one count involving Noble pursuant to *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970), which permits a defendant to plead guilty without expressly admitting guilt. Appellant admitted every element of the offense except that of interstate transportation. Appellant stated that all contacts with Noble occurred in Jackson County, Missouri.

When the court asked what evidence the government would present to prove interstate transportation if the case went to trial, the prosecutor replied that Noble would testify that appellant picked him up in Kansas City, Missouri, drove him into Kansas, committed an act of sodomy, returned him to Kansas City, Missouri, and

Paul Anthony White, pro se.

Robert G. Ulrich, U.S. Atty., Robert E. Larsen, Asst. U.S. Atty., Kansas City, Mo., for appellee.

1. The Honorable D. Brook Bartlett, United States District Judge, Western District of Missouri.

paid him for the sex act. In light of this possible testimony by Noble, appellant responded:

> Well, I think that I of course sat through the hearing where Mr. Noble testified. I can tell the Court that Mr. Noble was extremely intoxicated on Valium. I recognize that based—If Mr. Noble were to testify substantially the same way at a jury trial, that testimony would be sufficient to result in overruling the defense motion for a directed verdict of acquittal, and that the cause would then be submitted to the jury for determination. So to that extent, I take cognizance of the fact that Mr. Noble has testified, and do take that into appropriate consideration in determining whether or not to tender the plea under North Carolina versus Alford.

The court determined that the guilty plea was voluntary and intelligent, and accepted the plea. As part of a plea bargain, the government agreed to refrain from making any recommendation about sentencing. On November 9, 1982 appellant was sentenced to seven years imprisonment.

On March 7, 1983 appellant filed a Rule 35 motion to reduce his sentence, claiming that his incarceration served no useful purpose. When the government opposed this motion, appellant alleged that the government had breached its agreement not to make a recommendation respecting sentencing. Appellant requested that a different judge decide the Rule 35 motion.

The district court granted appellant's motion for reduction of sentence by imposing sentence under 18 U.S.C. § 4205(b)(2).[2] The court concluded, however, that the plea agreement did not prohibit the government from taking a position on the Rule 35 motion. The court, not improperly, refused to transfer the case to another judge and pointed out that it gave no weight to the government's suggestion in opposition to the Rule 35 motion.

■ Appellant's first claim on appeal is that the district court erred in entering judgment on the proffered guilty plea because there was an insufficient factual basis to find interstate transportation. Appellant contends that the trial court abused its discretion by accepting his *Alford* plea on the basis of statements made by someone as unreliable as Noble. We disagree. As noted by the Seventh Circuit in *United States v. Davis,* 516 F.2d 574, 577–78 (7th Cir.1975) (footnote omitted),

> whenever a defendant denies his guilt in a case in which the evidence is not wholly circumstantial or the possibility of mere mistake can be ruled out, the assertion that the prosecution witnesses are lying is implicit. Such an assertion was implicit in *Alford.* And it can be fairly assumed in such a case that the defendant's position, even though not spelled out in detail, is that their motive for lying is reprehensible. We therefore think that the defendant's denunciation of the prosecution witnesses and the prosecution did not foreclose the acceptance of the guilty plea.

In the case at bar, appellant entered his plea upon the advice of counsel with full knowledge of the consequences. If he believed that the testimony of the prosecution's sole witness was easily impeachable, he could have put the government to its proof in a trial. We believe that the evidence presented at the guilty plea hearing on the interstate transportation element was sufficient to support the district court's acceptance of the plea.

■ Appellant's second claim is that the prosecutor acted improperly by not bringing to the attention of the trial court at the guilty plea hearing statements allegedly made by Noble indicating that appellant did not take him into Kansas. A prosecutor may not suppress material, exculpatory evidence, *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963), introduce or elicit testimony

---

**2.** Section 4205(a) provides that a prisoner serve at least one-third of his sentence before becoming eligible for parole. Section 4205(b)(2) provides that the district court set the maximum length of sentence and permits the Parole Commission to release the prisoner at its discretion.

known to be false, *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959), or allow false testimony to stand uncorrected. *Giglio v. United States,* 405 U.S. 150, 154–55, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972). *Brady* does not apply to the present case because the government did not withhold any exculpatory information from appellant. Moreover, the government had no reason to believe Noble's testimony was false or that he would change his testimony if the case went to trial. *See United States v. Sutherland,* 656 F.2d 1181, 1203 (5th Cir.1981) (challenge to evidence through another witness or prior inconsistent statements insufficient to establish prosecutorial use of false testimony), *cert. denied,* 455 U.S. 949, 102 S.Ct. 1451, 71 L.Ed.2d 663 (1982). The trial court offered appellant two opportunities to object to Noble's testimony, but appellant failed to point out to the court any inconsistencies in that testimony. Therefore, we reject appellant's claim of prosecutorial misconduct.

Finally, appellant alleges that the government breached its plea agreement with him. The written plea bargain provided in pertinent part: "Furthermore, the United States agrees to follow its customary practice in this district of not recommending to the Court the type of sentence the defendant should receive on Count Two of the Indictment." We do not believe the government's opposition to appellant's Rule 35 motion to reduce sentence constituted a breach of the plea agreement. The government was not "recommending" a sentence, but merely arguing in support of a sentence already adopted by the court. In any event, the district court expressly disregarded the government's arguments in opposition to the motion, resulting in no prejudice to appellant. In fact, the court granted in part appellant's request for relief by sentencing him under 18 U.S.C. § 4205(b)(2) rather than § 4205(a).

Accordingly, the judgment of the district court is affirmed.