_____

No. 95-1601
_____

United States of America,          *
                                    *
          Appellee,                 *   Appeal from the United States
                                    *   District Court for the District
     v.                             *   of South Dakota.
                                    *
Gilman Keven Keester, aka           *   [PUBLISH]
Kevin Keester,                      *
                                    *
          Appellant.                *


_____

               Submitted:  October 17, 1995

                   Filed:  December 8, 1995
_____

Before McMILLIAN, BRIGHT and BOWMAN, Circuit Judges.

_____

PER CURIAM.


     Gilman Keven Keester appeals his nine-year sentence imposed by the
district court[1] after he pleaded guilty to the voluntary manslaughter of
his former wife, in violation of 18 U.S.C. §§ 1112 and 1153.  For reversal,
Keester argues that the district court erred in refusing to grant a
reduction for acceptance of responsibility and in departing upward four
offense levels from the sentencing range recommended in the presentence
report (PSR).  We affirm the district court's judgment for the following
reasons.

     First, because the district court is in a unique position to evaluate
acceptance of responsibility, we will not disturb a district court's
decision to deny or grant the reduction unless

_____

[1]The Honorable Richard H. Battey, Chief Judge, United States
District Court for the District of South Dakota.

that decision is clearly erroneous. United States v. Furlow, 980 F.2d 476, 476 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 2353 (1993). Although entering a guilty plea and admitting offense conduct constitute significant evidence of accepting responsibility, "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n.3).

Here, the district court found that Keester inflicted serious injury but did not secure immediate help for the victim, did not accompany the victim to the hospital, and had an extended history of domestic abuse against the victim. We additionally note that (1) the victim previously had been hospitalized due to Keester's abuse, (2) Keester previously had failed to attend domestic abuse classes as ordered by the tribal court, (3) Keester's mother and sister did not get the victim to the hospital until the afternoon following the night she was beaten, and (4) Keester changed his story to law enforcement officials several times during the investigation as additional facts came to light. Under these circumstances, we conclude the district court did not clearly err in denying the reduction.

We likewise reject Keester's challenge to the upward departure. A district court may depart from the applicable guidelines range if it finds an aggravating or mitigating circumstance not adequately considered by the Sentencing Commission. 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0. We review the district court's decision to depart upward for abuse of discretion, and will affirm the departure unless it is unreasonable. United States v. Passmore, 984 F.2d 933, 936 (8th Cir. 1993); United States v. Saunders, 957 F.2d 1488, 1493 (8th Cir.), cert. denied, 113 S. Ct. 256 (1992).

Here, the district court determined that a four-level upward departure from Keester's offense level resulted in a reasonable

sentencing range.  After hearing testimony from medical personnel, the victim's relatives, and the defendant, the district court found the victim suffered a severe beating consisting of a series of blows which caused internal bleeding, swelling of the brain, coma, and eventual death.  The victim was bruised, swollen, and scratched, with reeds in her hair and dirt covering her fingernails.  She was denied immediate medical attention, dragged from vehicle to vehicle, and deposited at the hospital without identification, unconscious, and so swollen as to render identification and notice to her family impossible.  The district court concluded Keester's conduct was unusually heinous, see U.S.S.G § 5K2.8, particularly in light of his failure to seek prompt medical attention and his history of domestic abuse.  We cannot say the district court abused its discretion.

We think it is proper and appropriate for this court to affirm a sentencing judge's exercise of discretion to depart from the  sentencing guidelines, either upward or downward, for adequate reasons supported by the record.  That is the case here.

AFFIRMED.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-