# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3206

_____

United States of America,        *
                                 *

        Appellee,        *

                                 *   Appeal from the United States

        v.                 *   District Court for the

                                 *   District of South Dakota.

Boyd William White Twin,     *

                                 *

        Appellant.      *

_____

Submitted: May 18, 2012
Filed: June 27, 2012

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Boyd William White Twin pled guilty to assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3).  *See also* **18 U.S.C. § 1153** (establishing jurisdiction over offenses committed by Indians within Indian country).  The district court[1] sentenced him to 84 months' imprisonment, followed by three years' supervised release. On appeal, White Twin challenges his sentence arguing that the district court improperly granted departures that were already adequately taken into consideration by the Guidelines and were not supported by the record.  White Twin

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

also objects to the six months added to his sentence for smiling at sentencing. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court reviews an upward departure, if objected-to, for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007) ("Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard."); *United States v. Vasquez*, 552 F.3d 734, 738 (8th Cir. 2009). The district court granted departures under four separate Guidelines: U.S.S.G. § 4A1.3—criminal history inadequacy; § 5K2.3—extreme psychological injury; § 5K2.8—extreme conduct; and, § 5K2.21—dismissed and uncharged conduct.

Under § 4A1.3, a district court may depart upward "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." The district court may look to prior sentences that were not used in calculating the criminal history category, including sentences for tribal offenses. *United States v. King*, 627 F.3d 321, 323 (8th Cir. 2010), *quoting* **U.S.S.G. § 4A1.3(a)(2)(A)**. In this case, the presentence report (PSR) listed White Twin's extensive criminal history in the tribal courts. While he did not dispute the PSR's details, White Twin objects to the district court's *sua sponte* application of the enhancement. He claims that the Government—which made a plea agreement to recommend a Guideline sentence—retains the burden of persuasion on sentencing departures. District courts, however, may use their discretion to impose an enhancement *sua sponte*. *See **United States v. Milton***, 153 F.3d 891, 897 (8th Cir. 1998)**.** The district court did not abuse its discretion in departing from the Guidelines under § 4A1.3.

Under § 5K2.3, a district court may depart upward if a victim suffers "psychological injury much more serious than that normally resulting from

commission of the offense." Such psychological injury occurs "only when there is a substantial impairment of the intellectual, psychological, emotional, or behavioral functioning of a victim, when the impairment is likely to be of an extended or continuous duration, and when the impairment manifests itself by physical or psychological symptoms by changes in behavior patterns." **U.S.S.G. § 5K2.3**. District courts must examine the nature of the defendant's conduct to determine the likely scope of harm. *Id.*

White Twin, again, did not object to the PSR's findings, or to the testimony at sentencing. He argues that because the factual basis for his § 5K2.3 enhancement is in the PSR and the testimony of one victim, it is not sufficiently based on factual findings supported by the record. *See United States v. Fawbush*, 946 F.2d 584, 586 (8th Cir. 1991) (finding that any departure from the Guidelines "must be based on factual findings supported by the record").

To support his argument, White Twin cites *United States v. Cammisano*, 917 F.2d 1057 (8th Cir. 1990), holding that the PSR's facts were not sufficiently corroborated to support an upward departure. That case, however, is different from White Twin's. Cammisano objected to the PSR's allegations. *Cammisano*, 917 F.2d at 1060. Also, the PSR there recommended an upward departure based on the allegation that Cammisano was involved with La Cosa Nostra, without recounting specific acts. *Id.* While the Government attempted to buttress this recommendation with testimony of crimes inherent to La Cosa Nostra, it offered no evidence that Cammisano had committed specific Mafia-related crimes. *Id.* at 1062. In White Twin's case, unobjected-to allegations are corroborated by specific testimony.

The PSR's findings, by themselves, may provide enough factual support for a departure. If a defendant does not object to the factual allegations in a PSR, they may be accepted as true for purposes of sentencing. *United States v. Paz*, 411 F.3d 906, 909 (8th Cir. 2005) ("Facts presented in a PSR are deemed admitted unless the

defendant objects to those facts."); *United States v. Yahnke*, 395 F.3d 823, 825 n.2 (8th Cir. 2005) ("[The defendant] admit[ted] the violations occurred, both by not objecting to the [PSR] and in his brief to this court."); *United States v. Bougie*, 279 F.3d 648, 650 (8th Cir. 2002) ("In instances when a defendant has not objected to 'specific factual allegations contained in the PSR, a district court may accept the facts as true for purposes of sentencing,'" *quoting United States v. Young*, 272 F.3d 1052, 1055 (8th Cir. 2001)). Here, the PSR details the crime in question, relating how White Twin assaulted his companion at home, in front of their children (all of whom were under nine). The PSR explains that White Twin's violent acts caused his children to try to intervene on behalf of their mother, but they were assaulted themselves. The PSR relates how he violently and repeatedly threatened his companion, telling her to choose which child he should kill first—an exchange the children likely heard. The PSR describes how this event caused the children extreme psychological difficulties requiring counseling. These specific findings sufficiently support an upward departure, and are also corroborated by testimony. The district court did not abuse its discretion in departing from the Guidelines under § 5K2.3.

Under § 5K2.8, a district court may depart "[i]f the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim." Examples of such extreme conduct include "torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation." *Id.*

White Twin disputes this departure, claiming his acts were no more extreme than those contemplated by the Guidelines. The Guidelines already impose an "aggravated assault" base-offense level, a four-level enhancement for the use of a weapon, a three-level enhancement for bodily injury, and a two-level enhancement because White Twin's 8-year-old and 7-year-old were vulnerable victims. White Twin claims that the base-offense level and these enhancements fully capture the nature of his offense. However, "if a factor included in the applicable [G]uidelines and adjustments is present to a degree substantially in excess of that which is

-4-

ordinarily involved in the offense, an upward departure will be upheld." ***United States v. Clark***, 45 F.3d 1247, 1252 (8th Cir. 1995); **U.S.S.G. § 5K2.0**. There can be no doubt that White Twin's extreme and inhumane conduct both physically and psychologically harmed his victims. At sentencing, the district court found "that [White Twin's] conduct was unusually heinous, cruel, brutal and degrading to the victim and to the little children," explaining that

> this isn't a situation where [ ] one gang [is] fighting another one in the street or something. Nor is it a situation when two males are fighting and one goes overboard, uses a knife or something. This is his family, his children. And I -- I think, as I said, that this is outrageous. Physically grabbing the one child by the throat and throwing him on the couch, that is outrageous. That the mother --that the children are trying to protect their mother and this Defendant continues to beat her up and then brings out the knife and threatens them -- threatens all of these people. They were lucky to escape.

The district court did not abuse its discretion in finding that White Twin's conduct was sufficiently extreme to warrant a § 5K2.8 departure.

Under § 5K2.21, a district court may impose an upward departure for dismissed or uncharged conduct, in order to "reflect the actual seriousness of the offense," based on conduct underlying a charge dismissed as part of a plea agreement which did not otherwise enter into the determination of the Guideline range. White Twin argues that his dismissed offenses should not have been considered because the Guidelines exceed their congressional mandate by allowing the consideration of uncharged and dismissed offenses, and because such a departure promotes disrespect for the law. In sum, he argues that a "sentence imposed by the court should not be unreasonably high under all the circumstances of the case and should not differ substantially from the sentence given to another similarly situated defendant convicted of a similar offense."

White Twin's argument ignores settled law. "A sentencing court may rely upon dismissed charges in fashioning a reasonable sentence." *United States v. Azure*, 536 F.3d 922, 932-33 (8th Cir. 2008) (citations omitted). "A dismissed charge may even be relied upon if it was dismissed as part of a plea agreement in the case." *Id.*

White Twin's argument—that a defendant's sentence "not be unreasonably high *under all of the circumstances*" nor "differ substantially from the sentence given to another *similarly situated defendant* convicted of a similar offense"—actually supports the 5K2.21 departure in this case. The district court considered the dismissed offenses to determine the specific circumstances and situation of the defendant and the offense. The base-offense level and its enhancements did not encompass the seriousness of the context of the offenses here. The district court did not abuse its discretion in departing under § 5K2.21.

Finally, at sentencing, the district court initially imposed a sentence of 78 months. After he pronounced that sentence, the district court noted that White Twin was "smiling." The court then imposed an additional six months, stating that the 84 months' sentence is based upon §§ 5K2.21, 5K2.3, 5K2.8, the "[p]sychological injury, unusual cruelty, torture, and other reasons listed by the probation officer in the presentence report," and White Twin's dismissed charges.

White Twin claims that the district court abused its discretion by considering an improper factor–his smile. This court reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A district court abuses its discretion when it "gives significant weight to an improper or irrelevant factor" in sentencing. *United States v. Williams*, 624 F.3d 889, 896-97 (8th Cir. 2010).

The district court did not abuse its discretion by increasing White Twin's sentence by six months after he smiled.[2]  The court was uniquely situated to observe his demeanor, and personally charged with reviewing the § 3553(a) factors.  District courts have wide discretion in determining a fair and just sentence.  *See United States v. Gant*, 663 F.3d 1023, 1029-30 (8th Cir. 2011).  A district court may consider a defendant's attitude and demeanor when exercising its sentencing discretion.  *See United States v. Robinson*, 662 F.3d 1028, 1033 (8th Cir. 2011).  Congress has provided that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  **18 U.S.C. § 3661**.  The district court based its increase in the sentence not solely on the smile, but a combination of it and other factors.  The district court did not abuse its discretion in considering White Twin's smile.

The judgment of the district court is affirmed.

_____

[2]The Government claims that review should be for plain error.  The Government ignores that White Twin, himself, immediately responded, "I am not smiling," after the judge said, "You think that's humorous, sir?  Let the record show that the Defendant is smiling."  This sufficiently alerted the court to the objection, as demonstrated by the court's explanation of the sentence given.  *See United States v. Stacey*, 531 F.3d 565, 567-68 (8th Cir. 2008) ("[P]reserving an issue is a matter of making a timely objection to the trial court and clearly stating the grounds for the objection, so that the trial court has an opportunity to prevent or correct the error in the first instance.") (citations omitted).