# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3422
_____

United States of America

*Plaintiff - Appellee*

v.

Ceneca Romale Johnson, also known as Ceneca Ronele Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: June 17, 2014
Filed: June 20, 2014
[Unpublished]

_____

Before LOKEN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Ceneca Johnson appeals the sentence that the district court[1] imposed on him after he pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) and (d).

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Johnson's counsel has moved to withdraw, and in a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel argues that the court abused its discretion by denying Johnson's motion to withdraw his guilty plea, by imposing an unreasonable sentence, and by imposing a condition of supervised release requiring Johnson to submit to warrantless searches. Johnson joins in some of these arguments in his pro se brief, and adds arguments that he suffered prosecutorial misconduct and violations of double jeopardy, and the court miscalculated his Guidelines range. He moves for new counsel.

The foregoing arguments fail. First, the court did not abuse its discretion by denying Johnson's motion, filed before sentencing, to withdraw his guilty plea. We agree with the court that Johnson failed to carry his burden of demonstrating that he had a fair and just reason to withdraw his plea. <u>See</u> Fed. R. Crim. P. 11(d)(2)(B); <u>United States v. Yell</u>, 18 F.3d 581, 582 (8th Cir. 1994) (standard of review); <u>United States v. Bahena</u>, 223 F.3d 797, 806-07 (8th Cir. 2000). Johnson's valid guilty plea forecloses any challenge in this appeal to pre-plea, non-jurisdictional issues, and we conclude that any surviving claims regarding prosecutorial misconduct and double jeopardy are meritless and do not require discussion. <u>See</u> <u>United States v. Broce</u>, 488 U.S. 563, 569, 575 (1989); <u>United States v. White</u>, 724 F.2d 714, 716-17 (8th Cir. 1984) (per curiam).

As to Johnson's sentence, <u>see</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate review of sentences), the district court properly determined that Johnson was a career offender, <u>see</u> U.S.S.G. § 4B1.1(a); <u>United States v. Clarke</u>, 564 F.3d 949, 955 (8th Cir. 2009) (de novo review), and did not impose an unreasonable sentence by varying upward after providing multiple reasons for doing so based on specified sentencing factors in 18 U.S.C. § 3553(a), <u>see</u> <u>United States v. White Twin</u>, 682 F.3d 773, 778 (8th Cir. 2012); <u>United States v. Mangum</u>, 625 F.3d 466, 470 (8th Cir. 2010); <u>United States v. Gatewood</u>, 438 F.3d 894, 896 (8th Cir. 2006). The court also did not abuse its discretion by imposing the special

supervised-release condition, in light of Johnson's criminal history.  <u>See</u> 18 U.S.C. § 3583(d)(1)-(3); <u>United States v. Simons</u>, 614 F.3d 475, 478-79 (8th Cir. 2010) (standard of review).

Having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal.  Accordingly, we deny Johnson's pro se motion for new counsel, and we affirm.  We also grant counsel's motion to withdraw, subject to counsel informing Johnson about procedures for seeking rehearing or filing a petition for certiorari.

_____