# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1972

_____

United States of America,

*Plaintiff - Appellee,*

v.

Travis Joe Davis,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: November 26, 2015
Filed: December 21, 2015
[Unpublished]

_____

Before LOKEN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Travis Davis directly appeals after he pled guilty to aiding and abetting bank robbery and the district court[1] imposed an above-Guidelines-range sentence. His

_____

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging Davis's sentence on substantive and procedural grounds. Davis has filed a pro se supplemental brief, asserting prosecutorial misconduct. More specifically, Davis claims that the prosecutor coached his victims and submitted victim impact statements to the district court without first giving him an opportunity to review the statements or to object to their content.

We note that Davis pled guilty pursuant to a plea agreement containing an appeal waiver, and upon careful de novo review, we conclude that the appeal waiver is enforceable as to counsel's arguments challenging Davis's sentence. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010); *United States v. Andis*, 333 F.3d 886, 889-90 (2003) (en banc). We further conclude that Davis's pro se claim of prosecutorial misconduct is not within the scope of the appeal waiver, but that it lacks merit, as there is no evidence the victim impact statements were false, and Davis did not object to them in the district court. *Cf. United States v. White*, 724 F.2d 714, 716-17 (8th Cir. 1984) (per curiam). Finally, having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. Accordingly, counsel's motion to withdraw is granted, and the judgment is affirmed.

_____