# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1233

_____

United States of America

*Plaintiff - Appellee*

v.

Ronald William Swallow

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: March 12, 2018
Filed: June 14, 2018
[Unpublished]

_____

Before GRUENDER, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

In 2015, Ronald Swallow robbed three casinos in Rapid City, South Dakota. During each robbery, Swallow brandished a firearm, took money, and forced casino employees to remain in the bathroom while he fled. A superseding indictment charged Swallow with several counts related to these robberies. Pursuant to a written plea agreement, Swallow pleaded guilty to two counts: interference with commerce

by robbery, in violation of 18 U.S.C. § 1951, and use and brandishing of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). In exchange for pleading guilty, the Government agreed to dismiss the remaining counts.

Though initially reluctant, the district court[1] granted a downward departure from the advisory sentencing guidelines range for the robbery count and sentenced Swallow to time served. For the brandishing count, the court sentenced Swallow to ten years' imprisonment after departing upward *sua sponte* from the guidelines range of seven years, which is the mandatory minimum under § 924(c)(1)(A)(ii).

On appeal, Swallow argues that he lacked adequate notice of the upward departure. Under Federal Rule of Criminal Procedure 32(h), a district court must provide reasonable notice that it is contemplating a departure unless the ground for the departure is identified either in the presentence report or in a party's prehearing submission. In this case, the presentence investigation report identified the dismissed charges as a possible ground for an upward departure under United States Sentencing Guidelines ("U.S.S.G.") § 5K2.21. During sentencing, the district court did not specifically reference the guidelines sections that justified the upward departure, but it subsequently filed a statement of reasons for the sentence. Instead of relying on § 5K2.21, however, the court listed U.S.S.G. §§ 5K2.0 (aggravating circumstances), 5K2.3 (extreme psychological injury), 5K2.4 (abduction or unlawful restraint), and 5K2.6 (weapon) as grounds for the departure. Besides objecting to the alleged lack of notice, Swallow argues that none of the guidelines provisions cited by the district court support the upward departure. In particular, he contends that the guidelines range already accounted for his brandishing of the weapon, that these were "garden variety armed robberies with nothing atypical or excessive about the kind of

---

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

-2-

abduction and restraint employed," and that there is no evidence that his victims' injuries were excessive compared to similarly situated victims.

At his sentencing hearing, Swallow did not object after the court announced the upward departure, and he agreed that there was no legal reason why the sentence should not be imposed. Swallow also did not file a motion after the hearing for the court to correct his sentence. *See United States v. Leppa*, 469 F.3d 1206, 1208 (8th Cir. 2006) ("[E]ven if the timing of the error makes a contemporaneous objection impractical, a defendant's timely Rule 35 motion would alert the sentencing court to the error in the first instance and provide it the opportunity to correct itself."). Because Swallow did not object to the upward departure, we review for plain error. *See United States v. Brave Bull*, 828 F.3d 735, 739 (8th Cir. 2016). To establish plain error, Swallow must show: "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *See id.*

Even assuming that the district court committed an error that is plain by failing to provide notice and by departing upward on the basis of §§ 5K2.0, 5K2.3, 5K2.4, and 5K2.6, Swallow has failed to show that the error affected his substantial rights. An error affects substantial rights if there is "a reasonable probability, based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." *United States v. Linderman*, 587 F.3d 896, 899 (8th Cir. 2009) (internal quotation marks omitted).

The record makes clear that the district court consistently viewed a seven-year sentence as inadequate and that there was no reasonable probability that Swallow would receive a sentence below ten years. According to Swallow, because the district court overcame its reluctance to depart downward on the robbery count after hearing the parties' arguments at sentencing, the court similarly might have altered its position on the brandishing count had Swallow received notice and an opportunity

to voice his concerns.  But the court ultimately imposed the ten-year sentence "in the face of a joint recommendation both from the defense attorney and the prosecution for a seven-year sentence."  Indeed, having "carefully considered the case," the court concluded that the guidelines range of seven years was not "a sufficient sentence given the nature of [his] conduct with three casino robberies using a firearm to terrorize the employees and successfully steal over $27,000 during the course of these robberies."  The district court also emphasized that "this is not one robbery, it is three," and it found that Swallow's brandishing of a firearm was "at the top end of the level of violence that we see in these casino robberies so far."

Considering the record as a whole, as well as the alternative possibility of an upward departure pursuant to § 5K2.21, Swallow has not established a reasonable probability that the court would have imposed a lesser sentence for what it regarded as an "extraordinarily serious offense."  *See Linderman*, 587 F.3d at 899; *Brave Bull*, 828 F.3d at 741.  For these reasons, we affirm Swallow's sentence.

_____