# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2498
_____

United States of America

*Plaintiff - Appellee*

v.

Jonnie Fineran

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota – Western
_____

Submitted: March 17, 2023
Filed: May 31, 2023
[Unpublished]
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Jonnie Fineran pleaded guilty to second-degree murder. 18 U.S.C. §§ 1111(a), 1153 and 2. At sentencing, the district court[1] applied a two-level departure for extreme conduct under U.S.S.G. § 5K2.8. The resulting guideline range was 210 to

_____

[1]The Honorable Roberto A. Lange, Chief Judge, United States District Court for the District of South Dakota.

262 months of imprisonment. The district court sentenced Fineran to 252 months of imprisonment. Fineran appeals, arguing the district court abused its discretion in departing upward for extreme conduct and in imposing a substantively unreasonable sentence. We affirm.

## I.

Fineran met T.S.B. in a behavioral health treatment facility in 2018. In 2020, when Fineran was 18 and T.S.B. was 14, the two took peroxide, rubber gloves, melatonin, and a knife from Fineran's house and drove to T.S.B.'s house with the intent to murder T.S.B.'s father. Once at the house, Fineran and T.S.B. poured rubbing alcohol into the father's eyes while he slept, stabbed him 62 times, beat him with a baseball bat, and stuffed his body into a plastic tote bin. T.S.B. called the police after the murder. Police arrived at the house and found Fineran cleaning the murder scene.

Fineran pleaded guilty and had a base offense level of 35 and a criminal history category of I, resulting in a guideline range of 168 to 210 months of imprisonment. The government moved for, and the district court applied, a two-level departure for extreme conduct under U.S.S.G. § 5K2.8. The final guideline range was 210 to 262 months of imprisonment. The district court imposed a 252-month sentence. Fineran appeals.

## II.

A district court can depart upward "[i]f the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim . . . . Examples of extreme conduct include torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation." U.S.S.G. § 5K2.8. The district court found "there is utterly no question that Ms. Fineran was very active [in the commission of the crime], and apparently more so than T.S.B.[.]" The district court recited the facts of the murder and "[found] the behavior [justified] the upward departure for extreme conduct[.]"

Fineran argues the district court made two errors in departing upwards. First, Fineran argues the district court erred in finding she was more active in the commission of the crime than T.S.B. Second, Fineran argues the facts of this crime differ from other crimes where § 5K2.8 was applied. "We review the district court's factual findings supporting a departure for clear error and the reasonableness of a permissible departure for abuse of discretion." United States v. Adetiloye, 716 F.3d 1030, 1038 (8th Cir. 2013) (citation omitted).

The district court found "only Ms. Fineran and T.S.B. know for certain their relative involvement[.]" The district court went on to note "there's still quite a bit of difference between a[n] 18 year old and a 14 year old, which points to Ms. Fineran being the principal; along with pretty much all of the evidence pointing to Ms. Fineran as the principal here[.]" Reviewing this factual finding for clear error, "we ask whether we have a definite and firm conviction that the district court has committed a mistake." United States v. Brandriet, 840 F.3d 558, 561 (8th Cir. 2016). Here, the district court relied on uncontested facts in the PSR—such as the relative ages of Fineran and T.S.B. and notes from interviews with T.S.B.—as well as testimony at sentencing from investigators who spoke with T.S.B. The district court's findings were not clearly erroneous.

Further, the district court did not abuse its discretion in applying a departure for extreme conduct. Fineran and T.S.B. attacked the victim while he was sleeping, poured rubbing alcohol in his eyes, stabbed him 62 times, and beat him with a baseball bat before shoving his body into a plastic tote bin. United States v. Chase, 451 F.3d 474, 483 (8th Cir. 2006) ("Although this departure is most often imposed for exceptionally egregious behavior, we affirmed a §5K2.8 departure in a case in which the defendant had a history of domestic abuse and failed to seek prompt medical attention for the victim.") (citing United States v. Keester, 70 F.3d 1026, 1027–28 (8th Cir. 1995)). There is no requirement that the district court compare the facts of one crime to the facts of other crimes when departing upward for extreme conduct. "This court 'respect[s] the district court's superior feel for the case' when

reviewing U.S.S.G. § 5K2.8." <u>United States v. Brave Bull</u>, 828 F.3d 735, 739 (8th Cir. 2016) (citations omitted).

## III.

Fineran also argues the sentence is substantively unreasonable. "This court reviews the substantive reasonableness of the sentence for abuse of discretion." <u>Brave Bull</u>, 828 F.3d at 741. "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." <u>United States v. White</u>, 816 F.3d 976, 987 (8th Cir. 2016) (citations omitted). The district court considered all relevant factors and did not consider any improper factors. The district court did not abuse its discretion by weighing Fineran's age, mental health, intelligence, or other mitigating factors differently than urged by Fineran.

## IV.

Accordingly, we affirm the judgment of the district court.

_____