# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-2702
_____

United States of America

*Plaintiff - Appellee*

v.

Dirk Garnier

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: March 17, 2023
Filed: July 7, 2023
[Unpublished]
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Dirk Garnier pled guilty to voluntary manslaughter and discharge of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 1153, 1112, and 924(c)(1)(A)(iii). The presentence investigation report ("PSR") recommended a guideline range of 63 to 78 months of imprisonment for the manslaughter offense. The firearm offense carried a mandatory minimum sentence of 120 months, to be

served consecutively to any other sentence. The district court[1] sentenced Garnier to 96 months of imprisonment for the manslaughter offense and 120 months of imprisonment for the firearm offense. Garnier appeals the substantive reasonableness of the sentence. We affirm.

Garnier and Beau Blacksmith were drinking together at Garnier's home. An argument arose between Blacksmith, Blacksmith's girlfriend, and Garnier's wife. Garnier left the scene to retrieve a sawed-off shotgun. When he returned, Garnier pointed the weapon at Blacksmith who held up his hands and yelled to Garnier, "It doesn't have to come down like that!" Garnier then shot and killed Blacksmith. When a police officer arrived, Garnier pointed his weapon at the officer. The officer shot Garnier in the shoulder after Garnier refused to put the weapon down.

An initial indictment charged Garnier with second-degree murder and discharge of a firearm during the commission of a crime of violence. A superseding indictment charged Garnier with voluntary manslaughter and discharge of a firearm during the commission of a crime of violence. Garnier pled guilty to the charges in the superseding indictment. The PSR recommended an offense level of 26 and a criminal history category of I, resulting in a recommended guideline range of 63 to 78 months of imprisonment. Garnier did not file any objections to the PSR.

Before sentencing, the government filed a motion for an upward departure or variance and the defense filed a motion for a downward departure or variance. At sentencing, Garnier objected generally to the government's motion for an upward departure or variance. After adopting the PSR, the district court said: "There is dismissed and uncharged conduct, which is a real consequence here. I don't often consider that factor. It's federal sentencing guidelines 5K2.21, where a judge can depart upward based on the seriousness of the conduct and the charges which could have been brought and were not, or charges which were brought, like the second-

---

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

degree murder charge, but they are going to be dismissed as a result of the plea agreement[.]" In discussing dismissed and uncharged conduct, the district court noted Garnier didn't have the "specific intent or the premeditation that would be required for a murder case" and the crime was committed in the "heat of passion." The district court also discussed several serious non-homicide charges that could have been brought based on undisputed facts in the PSR, including possession of an unregistered firearm, use of an unregistered firearm in a crime of violence, assault on a federal officer, and brandishing a firearm.

After concluding an upward departure was warranted and considering the § 3553(a) factors, the district court sentenced Garnier to 96 months of imprisonment for the voluntary manslaughter offense. Garnier then objected to the fact that "the Court did not provide the parties any notice of intent to depart upward in this case." But see Fed. R. Crim. P. 32(h) (stating notice is not required if the grounds for departure are identified in a party's prehearing submission). The district court responded by saying: "I also found the same sentence would apply, for the reasons I've stated, under an upward variance, 18 United States Code Section 3553(a), and the relevant conduct which I have addressed."

Garnier now appeals, arguing the sentence is substantively unreasonable because the district court improperly relied on the dismissed second-degree murder charge and failed to give proper weight to Blacksmith's own misconduct. On appeal, we review a sentence "in two steps: 'first, [we review] for significant procedural error; and if there is none, for substantive reasonableness.' If an alleged procedural error was not raised in the district court, we review it for plain error. If there is no procedural error, we then review a sentence for reasonableness in relation to the advisory sentencing range and the factors from § 3553(a) . . . ." United States v. Hall, 931 F.3d 694, 696 (8th Cir. 2019) (citations omitted).

Garnier argues specifically that the district court improperly considered the dismissed second-degree murder charge after the district court expressly found he did not have the intent required for murder. United States Sentencing Guidelines

§ 5K2.21 allows a district court to depart upward based on a charge dismissed as part of a plea agreement or underlying conduct that was not charged, if the government proves "the defendant committed the alleged offense by a preponderance of the evidence." United States v. Brave Bull, 828 F.3d 735, 739 (8th Cir. 2016) (citation omitted). Although Garnier objected generally to the upward departure, Garnier did not object to the consideration of the second-degree murder charge. As such, we review the district court's consideration of the second-degree murder charge for plain error. Id. "Under plain-error review, the defendant must show: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation omitted).

Garnier argues that the district court's finding as to intent means the district court could not have found second-degree murder by the preponderance of the evidence. To show second degree murder the government must show Garnier killed Blacksmith with "malice aforethought." Id. ("Malice may be shown . . . by evidence of conduct which is reckless and wanton, and a gross deviation from a reasonable standard of care, of such a nature that the factfinder is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." (citation omitted). The specific intent to kill a human being is not required for second-degree murder. 18 U.S.C. § 1111; United States v. Cottier, 908 F.3d 1141, 1147 (8th Cir. 2018) (noting "malice aforethought" for second degree murder can be proved by showing the defendant possessed "an intent willfully to act in callous and wanton disregard of the consequences to human life"). The plea agreement specifies Garnier shot Blacksmith after Blacksmith "held up his hands and yelled to [Garnier], 'It doesn't have to come down like that!'" Given the uncontested facts in the plea agreement, Garnier's arguments related to intent do not show it was an error for the district court to consider the dismissed second-degree murder charge.

Regardless, even if there were an error, it did not affect Garnier's "substantial rights[.]" Brave Bull, 828 F.3d at 739. To find there was plain error, "the error must have affected the defendant's substantial rights, which in the ordinary case means he

or she must 'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different[.]" Molina-Martinez v. United States, 578 U.S. 189, 194 (2016) (citations omitted). The district court was clear that a higher sentence was required due to the uncontested aspects of the crime. The district court highlighted several uncharged crimes, including the possession of an unregistered firearm, a felony which "[p]eople go to prison for . . . regularly out of this court because of the dangerous nature of that weapon[]" and "assault on a federal officer, which by itself would result in a severe prison sentence." Because any departure was based on the totality of the circumstances, mention of the second-degree murder charge did not affect Garnier's substantial rights. Additionally, the district court could have considered, and noted it did consider, the underlying conduct as part of the nature and circumstances of the offense that would justify an upward variance under § 3553(a).

Finally, Garnier argues the district court abused its discretion by failing to consider Blacksmith's own misconduct during the incident. "An abuse of discretion occurs if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Miller, 34 F.4th 663, 665 (8th Cir. 2022) (citation omitted). The district court found Garnier's behavior was not in any manner excused by Blacksmith's own behavior, noting "there was absolutely no reason, other than a very high level of intoxication, that you would have shot Mr. Blacksmith." The district court was not required to give greater weight to Blacksmith's conduct.

Accordingly, we affirm the judgment of the district court.

_____